UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

HOLLY NEIL BENNETT, )
             )
 Petitioner, ) Civil Action No. 15-CV-6-HRW
             )
v. )
             ) **MEMORANDUM OPINION**
JODY NORRIS SNYDER, WARDEN, ) **AND ORDER**
             )
 Respondent. )

***** ***** ***** *****

Holly Neil Bennett is an inmate currently confined by the Bureau of Prisons in the Federal Correctional Institution located in Ashland, Kentucky. Proceeding *pro se,* Bennett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the sentence imposed by the trial court in the Northern District of West Virginia. [D. E. No. 1] Bennett claims that because one of the prior offenses used to enhance his sentence as a "career offender" under the United States Sentencing Guidelines 4b.2(a)(1) no longer qualifies as a predicate offense that would qualify him as a "career offender," he is entitled to be resentenced to a lesser sentence.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Bennett is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), and liberally construes his claims.

But even liberally construing Bennett's claim, this Court cannot grant Bennett the relief he seeks, *i.e.*, the vacation of his 170-month sentence and resentencing to a lower sentence. The Court will therefore deny Bennett's § 2241 petition and dismiss this proceeding.

## BACKGROUND

On November 13, 2008, Bennett entered into a plea agreement with the United States in which he agreed to plead guilty to Count 65 of a multi-count indictment, maintaining a drug-involved premise, in violation of 21 U.S.C. § 856(a)(2), in the Northern District of West Virginia. *United States v. Holly Neil Bennett*, No. 1:08-CR-78-2 (N.D. WV 2008) [D.E. No. 316 therein]. In the plea agreement, Bennett waived his right to appeal and to collaterally attack his sentence. Bennett subsequently entered his guilty plea

2

in open court. [*Id.,* D.E. No. 819 therein], and on April 2, 2009, the district court sentenced him to a 170-month prison term, followed by three years of supervised release. [*Id.,* D. E. No. 541 therein].

On January 8, 2010, Bennett filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the trial court had erroneously enhanced his sentence by employing United States Sentencing Guideline 2D1.1(c) factors to establish his base offense level and by erroneously using a property offense as a drug offense, in order to classify him as a "career offender" for sentencing purposes. [*Id.,* D. E. No. 799 therein]. Bennett requested the correction of his "illegal sentence." The trial court denied Bennett's § 2255 motion. [*Id.,* D.E. No. 880 therein]. Bennett unsuccessfully appealed that denial to the Fourth Circuit Court of Appeals.

On July 23, 2012, Bennett filed a second or successive § 2255 motion in the trial court. [*Id.,* D. E. No. 1030 therein]. Because Bennett did not obtain authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion in the trial court, pursuant to 28 U.S.C. §§ 2244, 2255, the trial court had no authority to entertain Bennett's second § 2255 motion. For that reason, it was denied. [*Id.,* D. E. No. 1095 therein].

## CLAIMS ASSERTED IN § 2241 PETITION

In the present § 2241 habeas petition, Bennett states that his conviction for domestic battery in West Virginia, a violation of West Virginia Code § 61-2-8, is a misdemeanor in West Virginia. Nevertheless, in his particular case, because it was his third conviction for domestic battery, the penalty was increased to more than one year, even though the domestic battery conviction itself was still a misdemeanor. Bennett claims that the trial court erred in considering this domestic battery conviction as one of the predicate offenses to support classifying him as a "career offender" for sentencing purposes on the federal conviction and that he is actually innocent of being a "career offender."

On that premise, Bennett submits that it would be a miscarriage of justice and fundamentally unfair for him to serve an enhanced sentence as a "career offender." Bennett relies on *Persaud v. United States*, 134 S.Ct. 1023, (2014), and submits that *Persaud* necessitates examining whether the trial court's reliance on his domestic battery conviction in West Virginia as a predicate offense was correct. Bennett also relies on *Descamps v. United States*, 133 S.Ct. 2276 (2013), in support of his argument that he was erroneously sentenced as a "career offender."

In *Persaud*, the trial court denied Persaud relief on his § 2241 petition, holding that the savings clause of § 2255(e) does not permit him to seek relief under § 2241 purely because he had challenged his sentence rather than his conviction. On appeal, the Fourth Circuit affirmed the district court. Persaud then filed a petition for a writ of certiorari in the U.S. Supreme Court. In responding to his petition, the government filed a brief in support of Persaud's petition, taking the position that the district court had erred in concluding that § 2255(e)'s savings clause does not permit him to seek relief under § 2241 simply because he was challenging his sentence rather than his conviction. The Supreme Court granted petitioner Persaud's petition for a writ of certiorari and remanded his case to the Fourth Circuit Court of Appeals for further consideration. Upon remand, the Fourth Circuit in turn remanded the case to the district court for further proceedings. *United States v. Persaud*, No. 12-8068 (4th Cir. May 7, 2014). Following remand to the district court, the docket sheet reflects that this matter is still pending before the district court. *See United States v. Persaud*, No. 3:01-cr-036-FDW (W.D.N.C. 2001) [D.E. No. 350 therein] Thus, the issue in *Persaud* has not been resolved.

In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"). *Descamps*, 133 S.Ct. at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

In view of *Persaud* and *Descamps*, Bennett asserts that he is entitled to proceed with this claim in a habeas petition filed under 28 U.S.C. § 2241 because the remedy under § 2255 is inadequate and ineffective.

### III

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*,

the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier

opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Bennett implies that his previous § 2255 motion was inadequate or ineffective because *Persaud* and *Descamps*, decided after his first § 2255 motion was denied, support his claim that the court unlawfully enhanced his sentence based on a prior conviction that did not qualify as a predicate offense for sentencing enhancement purposes. Since it appears that this issue in *Persaud* is still pending before the district court, there has been no final decision in *Persaud*; therefore, Bennett's reliance thereon is premature. As to *Descamps*, there is no indication in *Descamps* that the Supreme Court

made its holding therein retroactive to cases on collateral review, such as Bennett's.

As to Bennett's claim of "actual innocence," he contends that is actually innocent of conduct that would qualify him for an enhanced sentence as a "career offender," but he is not claiming that he is factually innocent of the underlying drug offense to which he pled guilty. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255(e) extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); see also *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

Additionally, even if *Descamps* were retroactive to cases on collateral review, it is factually distinguishable from Bennett's case. *Descamps* concerns a defendant who was sentenced under the ACCA. Bennett's sentence was enhanced because he was considered a career criminal, not an

9

Armed Career Criminal. Thus, Bennett's reliance on *Descamps* is misplaced.

Because Bennett has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

### IV.

For the reasons discussed above, it is hereby **ORDERED** that:

1. Petitioner Holly Neil Bennett's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 8th day of June, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**